UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Neilson Dain Fletcher, Kevin
McClure, John Sirsi, Todd Klink,
Charle Denver Phillips, and Chris
Osterloth

    v.                              Civil No. 16-cv-189-JL

United States of America, Federal
Bureau of Prisons, Federal
Correctional Institution-Berlin
Warden Esker Lee Tatum, Clint L.
Cranford, FNU Bailey, FNU Johnson,
Federal Correction Institution-
Safford Warden Susan McClintock,
S. Warner, and John Doe

**REPORT AND RECOMMENDATION**

Neilson Dain Fletcher, an inmate at the Federal Correctional Institution ("FCI") in Berlin, New Hampshire, has filed a complaint (doc. no. 1) seeking damages and injunctive relief.  The complaint is before the court for preliminary review under 28 U.S.C. §§ 1915A and 1915(e)(2), and LR 4.3(d).

**Preliminary Review Standard**

For the purposes of this court's preliminary review under 28 U.S.C. §§ 1915A, 1915(e)(2), and LR 4.3(d), the court construes pro se pleadings liberally in determining whether the plaintiff has stated a claim.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding legal conclusions, the court

considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

Fletcher asserts that in 2014, while he was an inmate at FCI Safford in Arizona, defendants instituted disciplinary proceedings against him in a manner he asserts violated his federal constitutional rights, violated his rights under the Religious Land Use and Institutional Persons Act ("RLUIPA"), and rendered defendants liable to him for tortious conduct.  The acts forming the basis of Fletcher's claims all occurred in Arizona, during his incarceration at a Federal Bureau of Prisons facility in that state.

## Discussion

I. **Plaintiffs Other Than Fletcher**

The Complaint (doc. no. 1) lists, in addition to Fletcher, Kevin McClure, John Sirsi, Todd Klink, Charle Denver Phillips, and Chris Osterloth as plaintiffs.  Fletcher, however, is the

only plaintiff who signed the complaint.  Fletcher is litigating this matter pro se.

As the only person to have signed the complaint, Fletcher is the only person who may be deemed to be a plaintiff at this time.  See Fed. R. Civ. P. 11(a) (requiring personal signature of unrepresented party on each filing).  Further, in this court, pro se plaintiffs cannot litigate on behalf of others.  See 28 U.S.C. § 1654; LR 83.2(d).  Accordingly, Fletcher cannot advance claims on behalf of McClure, Sirsi, Klink, Phillips, or Osterloth.  All claims asserted on behalf of McClure, Sirsi, Klink, Phillips, or Osterloth, should be dismissed without prejudice, and those parties should be dropped from this action.

## II.  Esker Tatum

Fletcher has named FCI Berlin Warden Esker Tatum as a defendant.  Fletcher has not alleged facts, however, giving rise to claims against Tatum, or any other FCI Berlin employee.  Accordingly, the claims against Tatum in the complaint should be dismissed, and Tatum should be dropped as a defendant.

## III. Claims Asserted under New Hampshire Law

Fletcher lists the "New Hampshire Tort Claims Act" and the New Hampshire common law as bases for his claims.  Fletcher, however, has not alleged any facts giving rise to any claim cognizable against any defendant under any New Hampshire statute

or the common law in this state. Accordingly, Fletcher's claims should be dismissed to the extent they are asserted under New Hampshire law.

**IV.   Venue**

"In cases involving multiple claims and defendants, the plaintiff bears the burden of demonstrating that venue is proper with respect to each claim and each defendant." Get In Shape Franchise, Inc. v. TFL Fishers, LLC, No. CV 15-12997-PBS, 2016 U.S. Dist. LEXIS 30132, at *33-*34, 2016 WL 951107, at *12 (D. Mass. Mar. 9, 2016). This court may transfer a case to another district court where venue is proper, in the interest of justice or for the convenience of the parties. See 28 U.S.C. §§ 1406(a), 1412. Fletcher's claims arise from incidents that occurred while Fletcher was incarcerated at a federal facility in Arizona. The remaining defendants and witnesses are located in Arizona. A transfer of the remaining claims in this matter to the District of Arizona is appropriate and in the interest of justice.

Accordingly, this court, upon accepting this Report and Recommendation, should direct the transfer of the remainder of the case to the District of Arizona, unless plaintiff, in his objection to this Report and Recommendation, shows cause why the matter should not be transferred.

**Conclusion**

For the foregoing reasons, the district judge should dismiss, without prejudice, the claims asserted on behalf of Kevin McClure, John Sirsi, Todd Klink, Charle Denver Phillips, and Chris Osterloth, and those parties should be dropped from this action. The district judge should dismiss plaintiff Neilson Dain Fletcher's claims both to the extent that they are based on New Hampshire law, and also to the extent that they are asserted against FCI Berlin Warden Esker Tatum. Tatum should be dropped as a defendant. Upon acceptance of this Report and Recommendation, the clerk's office should transfer the remainder of this case to the District of Arizona.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 11, 2016

cc: Neilson Dain Fletcher, pro se